IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02142-PAB-CBS

HICA EDUCATION LOAN CORPORATION,

    Plaintiff,

v.

LEONARD J. SOLANO,

    Defendant.

**ORDER ENTERING DEFAULT JUDGMENT**

    This matter is before the Court on the Motion for Default Judgment [Docket No. 22] filed by plaintiff HICA Education Loan Corporation ("HICA"). The Court's jurisdiction is based on 28 U.S.C. § 1331.

    HICA initiated this action on August 15, 2012, alleging that defendant Leonard J. Solano defaulted on a student loan arising under the Health Education Assistance Loan ("HEAL") Program, *see* 42 U.S.C. §§ 292, 294; 42 C.F.R. Part 60. Docket No. 1. HICA served Mr. Solano with its complaint on February 25, 2013. *See* Docket No. 14. Mr. Solano, however, "failed to plead or otherwise defend" against the lawsuit. Fed. R. Civ. P. 55(a). Therefore, HICA filed a motion for entry of default [Docket No. 19], and the Clerk of Court entered default against defendant on April 2, 2013 [Docket No. 20]. The present motion followed on May 16, 2013. Defendant has filed no response.

    The decision to enter default judgment is "'committed to the district court's sound discretion. . . .'" *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting

*Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotations marks and citations omitted). "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733.

In this case, Mr. Solano has not sought relief from the entry of default or otherwise attempted to participate in this litigation. He may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against defendants, the well-pleaded allegations in the complaint are deemed admitted. *See Olcott*, 327 F.3d at 1125; *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010).[1]

Pursuant to the well-pleaded allegations in the complaint, HICA is the holder of six promissory notes signed by defendant, *see* Docket No. 1-1, and executed pursuant

---

[1] "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010).

to the HEAL Program's statutes and regulations; Mr. Solano has defaulted on the student loans at issue and is obligated to HICA for unpaid principal in the amount of $22,924.23, unpaid interest in the amount of $1,180.71 accrued through April 4, 2013, with interest accruing through the date of judgment at the rate of $1.93 per day, and unpaid late charges in the amount of $13.08.  *See* Docket No. 22 at 1-2, ¶ 6.  HICA has submitted a declaration from an employee of Sallie Mae, Inc., HICA's servicing agent, in support of these calculations.  Docket No. 22 at 4-7.  The Court concludes that defendant's admissions and the evidence supplied by plaintiff regarding its damages support entry of judgment in favor of plaintiff in the foregoing amounts.  Furthermore, the Court will award plaintiff post-judgment interest pursuant to 28 U.S.C. § 1961.[2]

For the foregoing reasons, it is

**ORDERED** that plaintiff HICA Education Loan Corporation's Motion for Default Judgment [Docket No. 22] is GRANTED.  It is further

**ORDERED** that judgment shall enter in favor of plaintiff and against defendant in

---

[2] Plaintiff requests that post-judgment interest accrue at the variable rate to which the parties contracted in the promissory note and only seeks post-judgment interest pursuant to 28 U.S.C. § 1961 in the alternative.  *See* Docket No. 22 at 2, n.1. In support of the contractual rate, plaintiff cites 42 U.S.C. § 292d(d), which provides that laws limiting interest rates on loans do not apply to HEAL loans.  Plaintiff does not provide any authority for the proposition that this provision implicates 28 U.S.C. § 1961. Furthermore, although "parties may contract to, and agree upon, a post-judgment interest [rate] other than that specified in § 1961," *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005), "they must specifically contract around the general rule that a cause of action reduced to judgment merges into the judgment and the contractual interest rate therefore disappears for post-judgment purposes."  *In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009) (citation and footnote omitted).  Because the promissory note lacks "clear, unambiguous and unequivocal language" expressing the intent to "override the general rule on merger," *see id.* (citation omitted), the Court will award post-judgment interest pursuant to § 1961.

the amount of $22,924.23 in unpaid principal; $1,180.71 in unpaid prejudgment interest accrued through April 4, 2013; $13.08 in unpaid late charges; and $106.15 in unpaid prejudgment interest accrued from April 4, 2013 through May 29, 2013.  It is further

**ORDERED** that post-judgment interest shall accrue in accordance with 28 U.S.C. § 1961.

DATED May 29, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge