IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02142-PAB-CBS

HICA EDUCATION LOAN CORPORATION,

    Plaintiff,

v.

LEONARD J. SOLANO,

    Defendant.

**ORDER**

This matter is before the Court on the Motion for Award of Attorneys' Fees and Costs [Docket No. 26] filed by plaintiff HICA Education Loan Corporation ("HICA").

HICA initiated this action on August 15, 2012, alleging that defendant Leonard J. Solano defaulted on a student loan arising under the Health Education Assistance Loan ("HEAL") Program, *see* 42 U.S.C. §§ 292,294; 42 C.F.R. Part 60.  Docket No. 1.  The Court entered default judgment in HICA's favor on May 29, 2013, and awarded HICA $22,924.23 in unpaid principal; $1,180.71 in unpaid prejudgment interest accrued through April 4, 2013; $13.08 in unpaid late charges; $106.15 in unpaid prejudgment interest accrued from April 4, 2013 through May 29, 2013; and post-judgment interest to accrue in accordance with 28 U.S.C. § 1961.  Docket No. 24 at 3-4.

HICA filed the instant motion on June 14, 2013, seeking attorney's fees in the amount of $1,970.00 and costs in the amount of $480.67.  Docket No. 26 at 2.  HICA

now seeks attorney's fees and costs pursuant to its contract with defendant and to the regulations governing the HEAL Program. Docket No. 26 at 1-2, ¶¶ 3(a)-(b) (citing 42 C.F.R. § 60.15(b)).

HICA's contract with defendant states that "the borrower[] promises to pay to . . . the lender or the subsequent holder of this Note, the principal sum . . . and to pay . . . all reasonable attorney's fees, and other costs and charges that are permitted by Federal regulations and are necessary for the collection of any amount not paid when due." Docket No. 1-1 at 1. The HEAL Program regulations provide that:

> The lender or holder may also require that the borrower pay the holder of the note for reasonable costs incurred by the holder or its agent in collecting any installment not paid when due. These costs may include attorney's fees, court costs, telegrams, and long-distance phone calls. The holder may not charge the borrower for the normal costs associated with preparing letters and making personal and local telephone contacts with the borrower. A service agency's fee for normal servicing of a loan may not be passed on to the borrower, either directly or indirectly. No charges, other than those authorized by this section, may be passed on to the borrower, either directly or indirectly, without prior approval of the Secretary.

42 C.F.R. § 60.15(b).

The Local Rules of this Court require that a motion for attorney's fees contain both "a detailed description of the services rendered [and] the amount of time spent" and "a summary of relevant qualifications and experience." D.C.Colo.LCivR 54.3(B). To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party seeking an award of attorney's fees must establish the reasonableness

of each dollar and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).  A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).  In order to satisfy its burden, plaintiff must produce "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The Supreme Court has found non-compensable "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate, regardless of who performs them."  *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).  A party must demonstrate that its counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended.  *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).  Where this showing is not made, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement.  *Id*.

HICA seeks attorney's fees in the amount of $1,970.00 and court costs in the amount of $480.67.  Docket No. 26 at 2.  The requested fees include 2.0 hours of work at a rate of $285.00 performed by attorney Matthew L. Johnson and 5.5 hours of work at a rate of $250.00 performed by attorney Franklin Scott Flow.  Docket No. 26 at 5, ¶ 2; Docket No. 26 at 9, ¶ 6.  In support of this request, HICA offers (1) an affidavit from Mr. Johnson; (2) a redacted billing summary from Mr. Johnson; and (3) an affidavit from

Mr. Flow. Docket No. 26 at 5-9. The requested costs include a $350.00 filing fee; $100.00 to serve defendant; and $30.67 in postage and photocopying costs. Docket No. 26 at 2.

Federal regulations permit the recovery of attorney's fees and court costs and these expenses are explicitly provided for in HICA's contract with defendant. *See* Docket No. 1-1 at 1; 42 C.F.R. § 60.15(b). However, HICA has not met its burden of "establish[ing] the reasonableness of each dollar [and] each hour" for which the party seeks an award. *Bangerter*, 61 F.3d at 1510. The billing summary prepared by Mr. Johnson is redacted to obscure the substance of each task. Docket No. 26 at 6-7 ("Receive/review correspondence re: [redacted]"; "Follow up with Shari re: [redacted]"; Meet with Joslyn re: [redacted]"). Mr. Johnson has billed for a noncompensable clerical task, namely, preparing a certificate of service. Docket No. 26 at 7. Thus, the Court cannot assess whether–and will not assume that–Mr. Johnson has used "billing judgment" in submitting this fee request. *See Jenkins*, 491 U.S. at 288 n.10; *Praseuth*, 406 F.3d at 1257.

Furthermore, Mr. Johnson's affidavit does not contain any information regarding his skills or experience as an attorney, precluding the Court from determining whether his requested rate is reasonable and awarding fees for the three unredacted and compensable tasks listed in the billing summary. *See* Docket No. 26 at 6-7 ("Dictation/Preparation of demand."; "Preparation of initial pleadings."; "Review file re: status of matter. Defendant filed bankruptcy. No documents due to court today."); *see also Blum*, 465 U.S. at 895 n.11.

HICA has not provided a "detailed description of the services rendered" or "the amount of time spent" on this case by Mr. Flow.  *See* D.C.Colo.LCivR 54.3(B).  Thus, the Court is unable to determine whether the fees requested on behalf of Mr. Flow are reasonable.  *See Bangerter*, 61 F.3d at 1510.

Finally, HICA has not provided any documentation in support of the court costs it requests in excess of the $350.00 filing fee, of which the Court will take judicial notice. *See Lewis v. Burger King*, 398 F. App'x 323, 324 (10th Cir. 2010); http://www.cod.uscourts.gov/CourtOperations/FeeSchedule.aspx.

For the foregoing reasons, it is

**ORDERED** that Motion for Award of Attorneys' Fees and Costs [Docket No. 26] filed by plaintiff HICA Education Loan Corporation is GRANTED in part and DENIED in part.  The motion is granted with respect to HICA's request for $350.00 in court costs. It is denied in all other respects.

DATED February 19, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge